Ben Eilenberg (In Pro Per)
1519 Chapman Ave #101
Fullerton, CA 92831
951-201-4783
EilenbergLegal@gmail.com

Ron Ask (SBN 103895)
3600 Lime St Ste 412
Riverside, CA 92501
951-684-5608
elc@elderlawcenter.net

Attorneys for Plaintiff Ben Eilenberg

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN EILENBERG,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY OF COLTON, and DOES 1 through 50, inclusive,<br><br>Defendants | Civil Action No.<br><br><br><br>COMPLAINT |

## COMPLAINT

Plaintiff Ben Eilenberg for his complaint against Defendant City of Colton and Does 1 through 50 (collectively "Defendants") states as follows:

## NATURE OF CASE

1. This is an action under 42 U.S.C. 1983 for violation of civil rights. Specifically, Plaintiff is managing an initiative that is planned to be on the November 2020 ballot for the City of Colton, CA. Defendants have refused to allow initiative signature gatherers in the City of Colton, effectively blocking the ability to get the initiative on the ballot. Therefore, Plaintiff was forced to bring this lawsuit.

## THE PARTIES

2. Plaintiff Ben Eilenberg is an individual residing in Fullerton, California.

3. Plaintiff Ben Eilenberg is managing the initiative campaign for the initiative entitled "Initiative Measure To Add Food Trucks, Food Truck Commissaries, and Commercial Kitchens As Permitted Uses by Right in the City's Commercial, Mixed-Use and Industrial Zones, Establishing a Food Truck Overlay Zone and a Permitting System for Such Operations."

4. Defendant the City of Colton is a general law city in the State of California, County of San Bernardino.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this dispute pursuant to 42 U.S.C. 1983.

6. This Court has personal jurisdiction over Defendant City of Colton because it is located within this judicial district, regularly transacts business within this judicial district, and has committed violations of 42 U.S.C. 1983 in this district.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b).

## GENERAL ALLEGATIONS

### *The Initiative Process In California*

8. “The initiative is the power of the electors to propose statutes and amendments to the Constitution and to adopt or reject them. (Cal. Const. art. II, sec. 8(a).)

9. In 1911, California voters amended the state Constitution to provide voters the power to enact initiatives and referenda. This includes the right to do so on a municipal level.

10. The process to qualify an initiative for the ballot is as follows:

a. *Notice of Intent*. Voters of the city draft the text of the measure and file it with the City Clerk along with the notice

of intent to circulate petition. (Cal. Elec. Code § 9202.) The notice of intent may include a statement of the purpose of the measure, not to exceed 500 words. The legislative body may establish a filing fee not to exceed $200, provided that the fee must be refunded if, within one year, the city clerk certifies the petition as sufficient.

b. *Request for Title and Summary*. The city attorney must provide a title for the measure and an impartial summary, in fewer than 500 words, within 15 days of the filing of the notice of intent. (Cal. Elec. Code § 9203.)

c. *Publication or Posting*. The notice of intention filed with the city clerk and the title and summary prepared by the City Attorney must be published or posted by the proponents. (Cal. Elec. Code § 9205.)

d. *Preparation and Circulation of Petition*. After publication or posting, the proponents prepare and circulate the petition. (Cal. Elec. Code § 9207.) Elections Code section 9020 provides that the petition "shall be designed so that each signer shall personally affix . . . [h]is or her residence address." That requirement is intended allow the election

official to determine during the verification process that the signer is properly registered at his or her residence address and therefore eligible to sign the petition. (Assembly v. Deukmejian (1982) 30 Cal.3d 638 [petition directing signers to write their address as registered to vote violates Elections Code].) In addition, each section of the petition must have a declaration of the circulator, the person soliciting the signatures, who must be qualified to vote in the city, and the declaration must be in a specific form prescribed by law. (Cal. Elec. Code § 9209.) The circulator's declaration must contain the information required by Elections Code section 104. Subdivision (a)(3) of section 104 requires that the declaration set forth "in the circulator's own hand . . . the dates between which all the signatures to the petition or paper were obtained . . . ."

e. *Filing*. Signatures and sections must be filed with the City Clerk within 180 days of the receipt of the title and summary. (Cal. Elec. Code § 9208.) All sections of the petition must be filed at the same time by one or more of the official

proponents or persons authorized in writing by the proponents. (Cal. Elec. Code § 9210.)

11. Plaintiff is required to comply with these requirements or risk not having the initiative qualify for the ballot.

***Plaintiff Has Been Blocked From Moving His Initiative Forward In The City Of Colton***

12. On or about November 7, 2019, Plaintiff submitted an initiative to Defendant the City of Colton for Title and Summary. (Exhibit A.)

13. On or about November 21, 2019, Defendant provided a title and summary for the initiative. (Exhibit B.)

14. The issuance of the title and summary began the 180 day deadline to gather signatures for the initiative to qualify it for the November 2020 ballot.

15. Plaintiff then published the initiative in the local newspaper as required under the Election Code.

16. After the publication, Plaintiff hired a signature gathering firm and began gathering signatures.

17. During the signature gathering process, the Covid-19 crises began.

18. Plaintiff wrote to Defendant the City of Colton to confirm that the signature gatherers would continue to be allowed to gather signatures, or in the alternative, that the City would provide an alternative accommodation. (Exhibit C.)

19. Defendant replied stating that it would not be allowing any accommodations (such as simply placing the initiative measure on the ballot via the City Council.) (Exhibit D.)

20. Plaintiff therefore replied to confirm that the signature gatherers would be permitted to move forward with signature gathering, as they are essential workers engaged in a constitutional function. (Exhibit E.)

21. Defendant replied stating that it would not deem the signature gatherers essential workers. (Exhibit F.)

22. This has left Plaintiff in the position where he cannot gather signatures for the initiative to be placed on the November 2020 ballot.

**COUNT I – 42 U.S.C. 1983**

23. Plaintiff incorporates herein the allegations of paragraphs 1 through 22 above specifically by reference.

24. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983.

25. Defendant, by blocking the ability to gather signatures in the City of Colton and not providing any other accommodation (whether by extending deadlines, placing the matter on the ballot via the City Council, or other accommodation), has deprived Plaintiff of his Constitutional Rights under both the Federal and California Constitutions.

26. Defendants acted under color of statute, ordinance, regulation, custom or usage of California and municipal authority.

27. Plaintiff has suffered the following damages:

a. Loss of funds and time spent on the initiative prior to the City of Colton's refusal to allow signature gathering

b. Loss of moneys that certain properties would be worth if the initiative passes

c. Loss of constitutional right to gather signatures for an initiative.

**COUNT II – Writ of Mandate**

28. Plaintiff incorporates herein the allegations of paragraphs 1 through 27 above specifically by reference.

29. Plaintiff has a constitutional right to gather signatures to qualify an initiative.

30. Defendant has restricted that ability by deeming the Constitutional function of signature gathering not to be essential.

31. Plaintiff respectfully requests that the Court issue a writ of mandate ordering the City to do any of the following:

a. Allow signature gathering within the City of Colton; or

b. Place the initiative on the November 2020 ballot for the City of Colton.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general and actual damages;
2. For costs of the suit, including attorneys' fees;
3. For injunctive relief;
4. For a writ of mandate;
5. For any other, further, or different relief as the Court may deem proper.

Dated this 12th day of April, 2020

______________________________

Attorneys for Plaintiff

## VERIFICATION

I, Ben Eilenberg, as Plaintiff, verify under penalty of perjury that I have read the above complaint and its contents. I also verify that, to the best of my knowledge and recollection, the matters stated in the complaint are true and correct.

Executed this 12th day of April, 2020

_______________________________
Ben Eilenberg