# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| BEN EILENBERG, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF COLTON, et al., <br><br> Defendants. | No. SA CV 20-00767-FMO (DFM) <br><br> Report and Recommendation of United States Magistrate Judge |

This Report and Recommendation is submitted to the Honorable Fernando M. Olguin, United States District Judge, under 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I. INTRODUCTION

On April 20, 2020, Ben Eilenberg ("Plaintiff") filed a civil rights complaint in this court. See Dkt. 1. After the Court denied Plaintiff's application for a temporary restraining order, see Dkt. 16, Plaintiff filed the operative First Amended Complaint, see Dkt. 18. ("FAC"). The FAC names as Defendants the City of Colton, the County of San Bernardino, and the State of California (the "State"). See id.

The State has filed a Motion to Dismiss, see Dkt. 38 ("Motion"), with a Supporting Memorandum, see Dkt. 38-1 ("Memorandum"), which is now

before the Court. Plaintiff filed an Opposition ("Opp'n"). See Dkt. 39.[1] The State filed a Response. See Dkt. 41.

## II. LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." Id.

In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint and draws all reasonable inferences in favor of the plaintiff. See al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009).

## III. DISCUSSION

The State seeks dismissal based in part on the Eleventh Amendment of the U.S. Constitution. See Memorandum at 12-13. The Eleventh Amendment bars federal jurisdiction over suits against a state or a state agency unless the state or agency consents to the suit. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 55 (1996); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). While California has waived its sovereign immunity so that it may

---

[1] In his opposition, Plaintiff requested leave to amend the FAC. See Opp'n at 3 ("Plaintiff respectfully requests that he be allowed leave to amend to correct this issue."). The Court instructed Plaintiff to file a motion for leave to amend by August 20, 2020. See Dkt. 42. Plaintiff did not file a motion for leave to amend. The Court accordingly does not consider Plaintiff's arguments about amendment and will consider Plaintiff's failure to seek leave to amend as instructed if Plaintiff seeks leave to amend in the future.

be sued in its own courts under the California Tort Claims Act, such a waiver does not constitute a waiver of its Eleventh Amendment immunity in the federal courts. See BV Eng'g v. Univ. of Cal., L.A., 858 F.2d 1394, 1396 (9th Cir. 1988); see also Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985) (holding that Art. III, § 5 of the California Constitution did not constitute a waiver of California's Eleventh Amendment immunity). Further, Congress has not abrogated California's sovereign immunity against suits under 42 U.S.C. § 1983. See Peltier-Ochoa v. Miele, No. 12-0663, 2012 WL 4107924, at *1 (C.D. Cal. Aug. 28, 2012). Although an exception allows suits against state officers in their official capacities for prospective declaratory or injunctive relief for their alleged violations of federal law, see Coal. to Def. Affirmative Action v. Brown, 674 F.3d 1128, 1133-34 (9th Cir. 2012), Plaintiff named the State rather than any officer in their official capacity. As such, the State is immune to suit. Indeed, Plaintiff appears to agree that the State is improperly named as a Defendant and concedes that he should have named the Secretary of State. See Opp'n at 3 ("Defendants correctly raise the issue of the 11th Amendment . . . the proper party should have been the Secretary of State.").[2]

---

[2] Because the Court concludes the suit against the State is subject to dismissal based on the Eleventh Amendment, it does not address the State's remaining arguments. Other defendants remain free to raise these arguments.

## IV. CONCLUSION

IT IS THEREFORE RECOMMENDED that the District Judge issue an Order: (1) accepting this Report and Recommendation; (2) granting the State's Motion to Dismiss; and (3) dismissing all claims against the State with prejudice. Under 28 U.S.C. § 636(b)(1), the parties may file and serve any written objections within fourteen days of service of this Report and Recommendation.

Date: September 21, 2020

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge