O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| BEN EILENBERG,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF COLTON et al.,<br><br>Defendants. | No. SA CV 20-00767-FMO (DFM)<br><br>Report and Recommendation of<br>United States Magistrate Judge |

This Report and Recommendation is submitted to the Honorable Fernando M. Olguin, United States District Judge, under 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I. INTRODUCTION

On April 20, 2020, Plaintiff filed this civil rights action. On June 4, 2020, Plaintiff filed the operative First Amended Complaint, naming defendant County of San Bernardino (the "County") as well as other Defendants. See Dkt. 1. Plaintiff has not served the County. This Court ordered Plaintiff to show cause for his failure to serve the County. See Dkt. 46. Plaintiff was expressly warned that failure to timely respond would result in a recommendation of dismissal without prejudice. See id. To date, Plaintiff has not served the County, told the Court about any steps taken to remedy the

service defects identified by the Court, or otherwise responded to the Court's order.

## II. DISCUSSION

District courts have the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with a court order. See Link v. Wabash R.R., 370 U.S. 626, 629-31 (1962). In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Id. at 1440.

Here, the Court's interest in achieving an expeditious resolution of this matter and its need to manage its docket both favor a dismissal. Plaintiff has failed to serve the Complaint or respond to the Court's order. Plaintiff's conduct hinders the Court's ability to move this case toward disposition and indicates that he does not intend to litigate this action diligently.

The third Carey factor also weighs in favor of dismissal. A rebuttable presumption of prejudice to the defendant arises when there is a failure to prosecute diligently. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). That presumption may be rebutted where a plaintiff proffers an excuse for delay. Plaintiff has failed to come forward with any excuse or reason for delay despite being invited to do so.

Although the fourth Carey factor weighs against dismissal, it is Plaintiff's responsibility to move the case towards disposition at a reasonable pace and to avoid dilatory tactics. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility.

The fifth factor militates in favor of dismissal. The Court attempted to avoid dismissal by issuing an Order to Show Cause. The Court expressly warned Plaintiff that failure to comply could result in the dismissal of this case.

Taking all the <u>Carey</u> factors into account, the Court finds that the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to serve the First Amended Complaint on the County or show cause for not doing so.

Plaintiff's failure to make timely service under Federal Rule of Civil Procedure 4(m) is an additional reason for the Court to dismiss the case. Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The Court gave notice to Plaintiff that it was planning to dismiss the case against the County of San Bernardino for failure to make timely service. <u>See</u> Dkt. 46. Plaintiff failed to respond to that notice despite the Court ordering him to do so.

## III. RECOMMENDATION

IT IS THEREFORE RECOMMENDED that the District Judge issue an Order: (1) accepting this Report and Recommendation; and (2) directing that Plaintiff's claims against the County of San Bernardino be dismissed.

Date: November 24, 2020

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge