O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| BEN EILENBERG,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF COLTON et al.,<br><br>Defendants. | No. SA CV 20-00767-FMO (DFM)<br><br>Report and Recommendation of United States Magistrate Judge |

This Report and Recommendation is submitted to the Honorable Fernando M. Olguin, United States District Judge, under 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I. BACKGROUND

On April 20, 2020, Plaintiff filed a civil rights lawsuit concerning California's signature-gathering requirements for the ballot initiative process. See Dkt. 1. The operative First Amended Complaint ("FAC") brings claims against Defendants City of Colton ("the City"), San Bernardino County, and the State of California. See Dkt. 18. The City is the only remaining Defendant. See Dkts. 47 (dismissing State of California), 53 (dismissing San Bernardino County).

Before the Court is the City's Motion for Judgment on the Pleadings ("the Motion"). See Dkt. 51. Plaintiff did not file an opposition. For the reasons set forth below, the Court recommends that the Motion be GRANTED.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). For purposes of a motion under Rule 12(c), the allegations of the non-moving party are accepted as true and the allegations of the moving party that have been denied are assumed to be false. See Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1990). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Id.

A motion for judgment on the pleadings is evaluated under virtually the same legal standard as a motion to dismiss under Rule 12(b)(6), in that the pleadings are construed in the light most favorable to the non-moving party. See Lopez Reyes v. Kenosian & Miele, LLP, 525 F.Supp.2d 1158, 1160 (N.D. Cal. 2007). A motion to dismiss under Rule 12(b)(6) can be granted based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

## III.  DISCUSSION

### A.  Plaintiff's Failure to Oppose

Local Rule 7-12 provides that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." As noted, Plaintiff failed to file an

opposition by the deadline. Additionally, as set out in the declaration of the City's attorney, Plaintiff did not respond to the City's various requests to meet and confer over the Motion. See Dkt. 51-1, Declaration of Daniel L. Richards ¶¶ 6-10.

Accordingly, under Local Rule 7-12, the Court finds good cause for granting the Motion. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam) (affirming grant of unopposed motion to dismiss under local rule); Holt v. I.R.S., 231 F. App'x 557, 557 (9th Cir. 2007) (same; and rejecting plaintiff's contention that the district court should have warned her of the consequence of failing to file an opposition); Patel v. City of Los Angeles, 791 F. App'x 688, 688 n.1 (9th Cir. 2020) ("Local Rule 7-12 does not conflict with Rule 12 of the Federal Rules of Civil Procedure.").

**B.     Plaintiff's Claims Are Moot**

Additionally, the City argues that Plaintiff's claims are moot because it is no longer possible to place his food truck initiative on the November 2020 ballot. See Motion at 16-17. The Court agrees.

The occurrence of an election does not necessarily moot relief sought in related litigation. See Joyner v. Mofford, 706 F.2d 1523, 1527 (9th Cir. 1983). However, the occurrence of an election moots relief sought with respect to that election cycle. See Ariz. Green Party v. Reagan, 838 F.3d 983, 987 (9th Cir. 2016); see also Yes on Prop B. v. City and Cty. of S.F., 826 F. App'x 648, 648-49 (9th Cir. 2020) ("Appellants acknowledge their claim is moot because the election in which they wished to advertise has taken place.").

The "capable of repetition, yet evading review" exception to mootness "applies where '(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.'" FEC v. Wis. Right to Life, Inc., 551 U.S. 449, 462 (2007) (quoting

Spencer v. Kemna, 523 U.S. 1, 17 (1998)). "Election cases often fall within this exception, because the inherently brief duration of an election is almost invariably too short to enable full litigation on the merits." Porter v. Jones, 319 F.3d 483, 490 (9th Cir. 2003). "The second prong of the 'capable of repetition' exception requires a 'reasonable expectation' or a 'demonstrated probability' that 'the same controversy will recur involving the same complaining party.'" Wis. Right to Life, 551 U.S. at 463 (quoting Murphy v. Hunt, 455 U.S. 478, 482 (1982)).

    Here, the November 2020 election has passed. The relief that Plaintiff seeks is thus moot. Plaintiff challenges the ballot initiative process only in the context of the COVID-19 pandemic and the state-ordered public health measures, not the constitutionality of the provision itself or its constitutionality as applied to Plaintiff outside this context. Plaintiff does not argue, and nothing in the record supports, a reasonable expectation or demonstrated probability that the same controversy will recur. The "capable of repetition, yet evading review" exception to mootness does not apply. Cf. id. (finding the reasonable expectation prong satisfied where Wisconsin Right to Life had credibly claimed that it planned to run materially similar targeted broadcast ads in the run-up to future elections).[1]

///
///
///
///
///

---

[1] As set out in prior orders, Plaintiff also appears to lack standing because he has not established an injury in fact that is fairly traceable to the City's conduct and likely to be redressed by a favorable judicial decision. See Dkt. 16 at 5-6.

## IV.   RECOMMENDATION

IT IS THEREFORE RECOMMENDED that the District Judge issue an Order (1) accepting this Report and Recommendation; (2) directing that Plaintiff's claims against the City of Colton be dismissed with prejudice; and (3) entering Judgment closing this case.

Date: March 12, 2021

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge